Vick *v.* Gower.

(*Nashville.* March 10, 1893.)

1. SEPARATE ESTATE. *What constitutes. Example.*

A husband's deed conveying to his wife a life estate in a house and lot, vests her with a separate estate therein by this clause, to wit: "And during the life of my wife, she is hereby authorized and empowered to collect the rents of said house and lot, and to use the same in any manner she may elect, to her separate use, and free from my debts, contracts, or control." The conveyance of the entire rents of the land for life, and to her separate use, is the equivalent of a conveyance of the land itself for life and to her separate use.

Case cited and approved: Davis *v.* Williams, 85 Tenn., 651.

2. SAME. *May be conveyed by wife to husband.*

A married woman is empowered by statute in this State to convey her lands, held as a separate estate, in the same manner as if unmarried. She can lawfully convey her lands, held as separate estate, by deed made direct to her husband, but such deed will be more narrowly scrutinized than one made to a third person.

Code construed: §3350 (M. & V.); §2486*c* (T. & S.).

Cases cited and approved: McLin *v.* Haywood, 90 Tenn., 195; Powell *v.* Powell, 9 Hum., 477.

---

FROM DAVIDSON.

---

Appeal from Chancery Court of Davidson County. ANDREW ALLISON, Ch.

FIRMAN SMITH for Vick.

MERRITT & ACKLEN and JOHN D. BRIEN for Gower.

LURTON, C. J. Complainant, Mrs. Vick, and the defendant, Gower, were husband and wife. In 1887 she obtained a divorce, and since has contracted a marriage with her present husband and co-complainant, Thos. Vick. During her marriage to Gower, he conveyed to her, by deed, a life interest in a certain house and lot. Several years afterwards, and in 1884, she reconveyed to him this interest. The present bill was filed in 1891 to cancel her deed and recover possession.

The first ground upon which this relief is asked is that her reconveyance was without consideration, and upon false and fraudulent promises and representations. It is enough to say, as to this ground, that it is not made out.

The second ground urged is that the deed was procured by undue influences and moral coercion. In the light of the marital history of this couple, we do not think she has made out that sort of duress or undue influence necessary to give her relief, especially after so long a delay in asserting her claims after she had shaken off all influence and control of her former · husband, by contracting a new marital relation.

The third ground is that she had no power to make the deed.

It is first insisted that the interest conveyed to her was a general one, and not a separate estate,

and that, not being a separate estate, she could not convey, save by deed in which her husband joined. To determine the character of her interest, it is necessary to recite certain points of the deed under which she held. After reciting that the consideration to be love and affection, the deed proceeds as follows: "I have this day bargained, sold, aliened, and conveyed to said Margaret J. Gower, one lot. * * * To have and to hold said house and lot to the said M. J. Gower during her natural life, and, at her death, the same to revert and vest in me, O. C. Gower; and, in the event we should die without issue born to us, then said house and lot to go to my heirs. And during the life of my wife, Margaret J. Gower, she is hereby authorized and empowered to collect the rents of said house and lot, and to use the same in any manner she may elect, to her separate use, and free from my debts, contracts, or control."

The argument is that a general estate for life is conveyed in the property, *and a separate estate* in the *rents* only. This is fallacious. The whole instrument, taken together, makes it an estate for life, to the sole and separate use of the wife. A conveyance of the entire rents and profits for life would, in legal effect, be a conveyance of an estate for life. *Davis* v. *Williams*, 85 Tenn., 651.

It is next insisted that if it be conceded that her interest in this property was a separate estate, still, she had no power to convey to her husband.

The Act of 1869–70, being § 3350, Code of M. & V., provides that:

" Married women, owning a separate estate set-. tled upon them, and for their .separate use, shall have and possess the same power of disposition by deed, will, or. otherwise as if unmarried; *Provided*, The power of disposition is not expressly withheld in the .deed or will under which they hold the property."

The deed under which Mrs. Gower held this estate imposed no limitation upon her power of disposition.

This property being a separate estate, she had power, under the statute, to convey by deed, as if an *unmarried woman.* The power could not be conferred in broader terms. The concurrence of her husband was unnecessary to make her deed valid. But it is argued that this power may exist and be ample to enable her to convey to any but her husband; that at common law he has no power to contract with her, . nor to receive a deed from her. This objection is based upon the theory of the legal unity of husband and wife, and upon the suggestion that the wife is to be supposed incapable of exercising her own judgment, and has no freedom of will when dealing with her husband. But. the argument which would prevent the wife from conveying to the husband would likewise destroy the title which complainant asserts.

At the common law the disability of husband and wife to contract with or convey to each other,

was mutual. Complainant holds her estate by deed direct from her husband, and if her conveyance to him is to be held void upon the common law disability of husband and wife to convey to each other, then her own title must fail. This disability has long since been ignored in this State, and direct conveyances by the husband to the wife have been a matter of daily occurrence, and their validity unquestioned. *McLin* v. *Haywood*, 6 Pick., 195.

The power of the wife to contract with her husband with reference to her separate personal estate has long been recognized by Courts of Equity. With regard to *that* estate, husband and wife have been regarded in equity as distinct persons. She might contract with him in regard to it, lend it to him, or give it to him. *Powell* v. *Powell*, 9 Hum., 477.

The opinion of Judge Turley in that case is a full and strong presentation of the power of the wife over her separate estate, and contains a full citation of the authorities, English and American. Concerning the dangers to be apprehended from upholding the power of a wife to deal with her husband concerning her separate estate, this Court, in that case, said that "in such cases a Court of Equity looks at the transaction with a more jealous and watchful eye than it would feel itself called upon to do in ordinary cases, where each of the parties were *sui juris;* for although, as to her separate property, a married woman is considered

in a Court of Equity as a *feme sole*, yet this does not free her from the natural influence of her husband, and therefore the Court always views her dealings with him concerning her separate estate with suspicion and scrutiny." 9 Hum., 481.

The statute has put a woman owning real estate, to her sole and separate use, upon the same footing, with regard to her right and power of disposition, as she before was in regard to personal estate held to her separate use. She may convey now as if an unmarried woman. If she convey such separate real estate to her husband, the transaction will be more narrowly looked upon, when questioned, than if her deed had been to a stranger. But, under the statute, there is no more reason for doubting the power of a married woman owning real estate, settled to her sole and separate use, to convey it to her husband, than there is for questioning her power to convey, or give, her separate personal estate to her husband.

Affirm the decree.