## J. B. BARNUM *v.* E. B. LE MASTER.

### (*Jackson.* April Term, 1903.)

1. **SEPARATE ESTATE.** Created by husband's gift of personalty to wife.

   It has long been the established rule in this State that transfers and gifts of personal property made by husband to his wife, without words to that effect, by implication, and as a matter of law, vests in the wife, a technical separate estate in the property so transferred. (*Post, pp.* 642-646.)

   Cases cited and approved: Powell v. Powell, 9 Hum., 486; McCampbell v. McCampbell, 2 Lea, 664; Sherron v. Hall, 4 Lea, 500; Templeton v. Brown, 86 Tenn., 55; Carpenter v. Franklin, 89 Tenn., 142; Snodgrass v. Hyder, 95 Tenn., 575.

2. **SAME.** Creation of seperate estate in land by husband's conveyance to wife.

   A conveyance of lands made by husband to his wife in the usual form, without any words indicating an intention to do so, by necessary implication, and as a matter of law, vests in the wife a technical separate estate in the premises conveyed. The conveyance in this case, reciting a consideration of love and affection, was in consideration of an antenuptial contract, but this was not considered essential to the creation of the separate estate. (*Post, pp.* 640-653.)

   Cases cited and approved: McMillan v. Peacock, 57 Ala., 127; Helmetag v. Frank, 61 Ala., 69; Kimbrough v. Kimbrough, 99 Ga., 134; Whitten v. Whitten, 3 Cush. (Mass.), 199; Sayers v. Wall, 26 Grat., 373; Garland v. Pamplin, 32 Grat., 314; Leake v. Benson, 29 Grat., 156; Dening v. Williams, 26 Conn., 231; Steel

Barnum v. Le Master.

v .Steel, 36 N. C., 452; Sims v. Ricketts, 35 Ind., 181; Haines v.
Haines, 54 Ill., 77; Smith v. Seiberling, 35 Fed. Rep., 677; Mara-
man v. Maraman, 4 Metc. (Ky.), 84; Callahan v. Houston, 78
Tex., 494; Story v. Marshall, 24 Tex., 305; Putnam v. Bicknell,
18 Wis., 333.

Cases cited, approved and distinguished: Murdock v. Railroad, 7
Bax., 572; Vick v. Gower, 92 Tenn., 391.

3. **SAME.** Conveyed by wife with privy examination without
joinder of husband.

A wife invested with a separate estate in land may, without the
consent or joinder of her husband, convey the same by deed
with proper privy examination, and her such deed is valid and
effective to vest in her grantee a good title to the property,
free from all marital or other rights of her husband. (*Post*,
*pp.* 640-641, 653-654.)

4. **ANTENUPTIAL CONTRACTS.** Marriage is a valuable con-
sideration to support.

Consideration of marriage is a valuable consideration, and is suf-
ficient, by all the authorities, to support a settlement by the
husband upon his wife, where made in pursuance of an ante-
nuptial contract. *(Post, p.* 646.)

Cases cited and approved:   Nelson v. Trigg, 2 Tenn. Cases, 645;
Spurlock v. Brown, 91 Tenn., 241.

---

FROM SHELBY.

---

Appeal from Chanery Court of Shelby County.— F.
H. HEISKELL, Chancellor.

SMITH & TREZEVANT, for complainant.

FRANK P. POSTON and J. W. CANADA, for defendants.

MR. JUSTICE SHIELDS delivered the opinion of the court.

The question for determination in this case is whether a conveyance of lands made by a husband to his wife, in the usual form, without any words indicating an intention to do so, has the effect in law, *ex proprio vigore*, to create a technical separate estate in the wife.

The facts necessary to be stated are these: Complainant, J. H. Barnum, and defendant Clara S. Barnum are husband and wife, without issue of their marriage. J. H. Barnum, on December 2, 1895, in consideration of an antenuptial contract conveyed to his wife, Clara S. Barnum, certain valuable lands lying in Shelby county, near Memphis, the conveyance being in the usual form, without any words indicating an intention to create a separate estate, reciting a consideration of love and affection, and containing covenants of seisin and general warranty.

Clara S. Barnum, without the consent or joinder of her husband, J. H. Barnum, November 7, 1902, conveyed by deed with proper privy examination, for a valuable consideration, a portion of these lands to the defendant E. B. Le Master. Complainant filed his bill November 14, 1902, charging that Mrs. Barnum had only a general es-

Barnum v. Le Master.

tate in said lands, and could not sell and convey them without him joining in the conveyance, and that the deed made by her was void, and a cloud upon his marital rights in the premises. The prayer is that the conveyance be declared void, canceled and surrendered, and E. B. Le Master be enjoined from taking possession of the property. This relief was granted by the chancellor, and a decree pronounced in accordance with the prayer of the bill, from which the defendants have appealed and assigned errors.

Complainant, as stated, contends that the defendant Clara S. Barnum had only a general estate in the lands; that by virtue of his marital rights he has the right to the possession of them during their joint lives, and that she can not sell or convey them during that period without his joining in the conveyance, and therefore the sale and conveyance made by her to E. B. Le Master is a nullity, and a cloud upon his title. While the insistence of the defendant is that the conveyance to Mrs. Barnum, being one from husband to wife, by necessary implication and operation of law created and vested in her separate estate in the lands conveyed, notwithstanding the entire absence of any words evidencing such intention, and which are necessary in transfers of personal and conveyances of real property by strangers to married women in order to create such an estate; and that the conveyance made to E. B. Le Master vests in him a valid title, free from any and all claims of her husband.

It has long been the established rule in this State that transfers of personal property made by a husband to his wife without words to that effect, by implication and as a matter of law vests in the wife a technical separate estate in the thing transferred, but we have no reported case involving a conveyance of real estate in which the doctrine has been invoked. We, however, can see no reason why a distinction should be made in this respect between transfers of personal property and conveyances of real estate. The reasons given in support of the rule as applied to personal property, the chief of which is that the transfer is without beneficial effect, and abortive, unless a separate estate is vested, apply with equal force to conveyances of lands. This fully appears from a review of our cases involving sales and gifts of personal property by husbands to their wives. The earliest of these cases is that of *Powell* v. *Powell,* 9 Humph., 486, where a sale of four slaves, made by Robt. Powell to his wife, Mary L. Powell, for a valuable consideration, was in issue. Judge Turley, for the court, in this case says: "We have seen that though, by the common law, a married woman could not have and hold property to her separate use, yet equity has so far qualified this as to permit her to take and enjoy property to her separate use, when it is given to her to that intent. But equity has done this with timidity, for it holds that each claim on the part of a married woman, being against common right, and it being a presumption of law that the property which she becomes the owner of is her husband's, a trust by which it is to be secured to her separate estate free

from his marital rights should very distinctly express that intention. It, however, holds, it to be immaterial in what form or phrase a trust of that nature is described, technical language not being deemed necessary, and it being only required that the intention of the gift shall appear manifestly to be for the wife's separate enjoyment, and in bar of the husband's rights. This is unquestionably the law in relation to gifts, devisees, or settlements made in favor of married women by third persons, and gifts and voluntary settlements made after the marriage by the husband, though that is not so clear. But is this principle applicable to the cases of purchases made by the wife from the husband for a good and valuable consideration paid him by her out of her estate which has already been settled to her separate use and maintenance? I think not, because, in the first place, the reason by which such direct expression is regarded when gifts are made to the wife, as we have just seen, is because in contemplation of law, all gifts of property to the wife are gifts to the husband, and that any other intendment is in violation of his rights. But such is not the case when he himself sells and conveys property to his wife for a valuable consideration paid him out of her separate estate. In such case there is and can be no intendment in favor of his rights to the property thus conveyed, and it is absurd to talk about such a conveyance being against his common right; for it is impossible to hold, with regard to intention, that a sale of property by the husband to the wife for a valuable consideration, paid

him out of her own private estate, can have any other design than the separate use and benefit of the wife. The husband parts from his interest by his conveyance, and, if the operation of the conveyance be to vest the property in the wife for his benefit and use, and he be immediately remitted to all of his original rights, then this whole transaction is a farce, and the law, in permitting such contracts, has placed itself in a very ridiculous position."

In *McCampbell* v. *McCampbell*, 2 Lea, 664, 31 Am., Rep., 623, the court, citing with approval the Powell Case, says: "A consideration passing from the wife will sustain a direct conveyance of the property by the husband to her, and the very nature of the transaction will fix the property, even if personalty, with a trust for the separate use of the wife, without any words to that effect."

In *Sherron* v. *Hall*, 4 Lea, 500, it is said: "But the gift was, in effect, as if the husband, for a valuable consideration, had made the conveyance to the wife, in which case the transaction, from its very nature would confer a separate estate, without express words."

In *Templeton* v. *Brown*, 86 Tenn., 55, 5 S. W., 441, the court says: "The intention to create a separate estate must clearly appear either by express terms or by necessary implication; otherwise the maritial rights of the husband will attach. When the gift is from a stranger, the intention must usually appear from the express language of the donor in terms creating such an estate;

otherwise the rights of the husband will not be excluded. But where the gift is from the husband, the intention to exclude himself is inferred from the circumstances of the case and the situation of the parties, without the use of the express words that would be required where a third person is the donor"—citing 1 Bishop on Married Women, section 119; Story's Eq., section 1373; Perry on Trusts, 639.

In *Carpenter* v. *Franklin,* 89 Tenn., 142, 14 S. W., 484, it is said: "An agreement that the gift of the husband to the wife shall be to her separate use arises from the very necessity of the case, else the gift would be ineffectual. A gift to the wife of her own earnings, either from her labor as for sewing, or from the profits of her boarders, or of her savings from money furnished her for her own personal expenses or her household expenses, may be made out by circumstances, and, when so made out, is as effectual as if proven by express contract. Especially does the implication of gift to her sole and separate use arise when, as in this case, the wife, with the assent of the husband, loaned out such earnings and savings in her own name, taking title to herself."

In *Snodgrass* v. *Hyder,* 95 Tenn., 575, 32 S. W., 764, the court again holds as follows: "A direct gift by the husband to the wife, during coverture, of money or other personalty, creates, by necessary implication, a separate estate in the wife, and likewise a gift of earnings or savings may be shown by circumstances, and, when so shown, is as effectual as if proven by express contract

citing Pomeroy's Equity, section 1100. It seems to be taken for granted by the court in these and all other cases that the rule is the same in relation to both personal and real estate.

Some stress in the earlier cases appears to be laid upon the fact that a valuable consideration was paid by the wife to the husband, but in the later ones the doctrine is applied without question to gifts from the husband. This conveyance, however, was made in consideration of marriage, which is a valuable consideration, and held to be sufficient to support a settlement by the husband upon his wife by all the authorities. *Nelson* v. *Trigg,* 2 Tenn. Cas., 645; *Spurlock* v. *Brown,* 91 Tenn., 241, 257, 18 S. W., 868.

While as stated, this doctrine has not been heretofore applied in this State in any reported case to a conveyance of real estate made by a husband to his wife, it has been by the courts of last resort in a number of other States, and an examination of the opinions of those courts will show that the same reasons advanced in our cases for the creation of a separate estate in transfers of personalty are there given to support the application of the rule to conveyances of land.

The case of *McMillan* v. *Peacock,* 57 Ala., 127, is very much in point. In the opinion Chief Justice Brickell, speaking for the court, it is said: "To the creation of the equitable separate estate no particular form of words, no technical expressions, are necessary. A clear unequivocal, intention to exclude all marital rights of

the husband to secure to the wife the separate, exclusive enjoyment of the estate, manifested by the terms of legal operation, is sufficient.    If the grant or conveyance is made by a stranger, the intent to exclude the right of the husband and vest in the wife the entire exclusive interest must be expressed in clear terms.    It cannot rest on conjecture or implication.    A conveyance by the husband to a trustee for the use of the wife, is necessarily, for the separate and exclusive use of the wife; otherwise it would be vain and inoperative.

"A gift or conveyance made by the husband directly to the wife, during coverture, at common law is void, as are all contracts made between husband and wife.    Courts of equity have long been accustomed to support and maintain such gifts and conveyances, when not in fraudulent, as to creditors.    The necessity for creating in the wife a separate estate, vesting in her the entire, exclusive interest, is apparent, since otherwise the transaction, which was intended to have some effect, can have none in law or equity.    And, further, all that is necessary to the creation of an equitable separate estate is, as we have seen, a clear and unequivocal manifestation and declaration of the intention to relinquish his own rights, and to clothe the wife with them; and that intention a court of equity will carry into effect."

The case of *Helmetag* v. *Frank*, 61 Ala., 69, in which the opinion was also delivered by Brickell, C. J., is to the same effect.    It is there said:    "We regard it as the settled law of this State that a gift by husband to the

wife of property, real or personal, creates in the wife an equitable estate. Property thus acquired by the wife is not within the influence and operation of the statutory provisions which create separate estates."

In the case of *Kimbrough* v. *Kimbrough,* 99 Ga., 134, 25 S. E., 176, the supreme court of Georgia holds: "Where a husband, with his own money, purchased and paid for a home, and deliberately and intentionally had the same conveyed to his wife, with no understanding or agreement that he was, in any event, to have an interest in the title, the transaction amounted to a gift from the husband to the wife, and, as between them, the property became absolutely her separate estate. Where the husband and wife had joint possession of the property thus conveyed, and after they had lived together thereon for a time she was forced, by mistreatment and cruelty on his part, to leave the premises, and he remained in possession, he was, in law, her tenant at sufferance, and upon his refusing to surrender possession to her when demanded it was her right to sue out a dispossessory warrant for the purpose of ejecting him."

In the case of *Whitten* v. *Whitten,* 3 Cush. (Mass.), 199, which was the case where land was purchased by the husband with his money, and the title taken in his wife, the court says: "Where the husband himself makes a grant or gift to the wife, the intention to relinquish his own rights in favor of the wife, and thus to give her a separate property or interest, is necessarily and most clearly and unequivocally manifested and declared."

In the case of *Sayers* v. *Wall,* 26 Grat., 373, 21 Am. Rep., 303, the court says: "It seems to be well settled that express words are not necessary to create a separate estate in a deed from the husband to his wife. The law attaches to absolute deeds and transfers a full alienation of the entire interest of property, so far as the alienation is permitted by the principles of law and equity."

In *Garland* v. *Pamplin,* 32 Grat., 314, it is held: "The general rule is that a conveyance by the husband directly to his wife, although void at law, or to a third person for her benefit, is construed as operating to her separate use; and the reason assigned is that the conveyance otherwise would be wholly inoperative."

A case in point is *Leake* v. *Benson,* 29 Grat., 156, in which it is held: "Where the conveyance is by the husband to the wife, as a general rule it will be construed as operating to her separate use, although no such words are used as would be necessary to create a separate estate in conveyance by a stranger. The reason is said to be that otherwise the conveyance would be wholly inoperative."

In *Deming* v. *Williams,* 26 Conn., 231, 68 Am. Dec., 386, the court discusses this question, and, citing a large number of authorities, thus lays down the rule: "Undoubtedly the cases all of them import that the wife is to take to the exclusion of the husband. But this is to be inferred from the fact that it is a bona fide gift from the husband to the wife. If this is not irrevoc-

ably to her separate estate, the transaction has no meaning, for no one pretends that a legal title passed to her. We cannot believe that the husband, in order to be irrevocably bound, must use language to that effect, or covenant that he will not resume or sell the thing that he has given to his wife. When a stranger gives to a wife, it is true that words of exclusiveness are necessary, for otherwise the unity of husband and wife would carry to the husband alone a gift of personal property to the wife; but when the husband himself gives to the wife it cannot be necessary, and we are confident that no case can be found which upholds such a doctrine."

The cases of *Steel* v. *Steel,* 36 N. C., 452; *Sims* v. *Rickets,* 35 Ind., 181, 9 Am. Rep., 679; *Haines* v. *Haines,* 54 Ill., 77; *Smith* v. *Seiberling* (C. C.), 35 Fed., 677; *Maraman* v. *Maraman,* 4 Metc. (Ky.), 84; *Callahan* v. *Houston,* 78 Tex., 494, 14 S. W., 1027; *Story* v. *Marshall,* 24 Tex., 305, 76 Am. Dec., 106; *Putnam* v. *Bicknell,* 18 Wis., 333—are in line with those from which we have quoted, and fully sustain the view we have taken of the question.

These are all cases decided by courts of the highest authority, and would seem to be conclusive of the matter.

Counsel for the complainant rely upon the fact that we have no case in which this doctrine has been applied to conveyances of lands in Tennessee. But they have been unable to produce a case either in this or any other

jurisdiction where a court has refused to apply it to such conveyances. In every case called to our attention, where it has been invoked, the rule has been applied and enforced. The question was not made or considered in the cases of *Murdock* v. *Railroad Co.,* 7 Baxt., 572, and *Vick* v. *Gower,* 92 Tenn., 391, 21 S. W., 677, and they do not support the contention of the complainant.

The reasons, we have said, given in the opinions of this court for holding that transfers of personal property by husbands to their wives create separate estate in the property without language expressing that intention, apply with the same force to the conveyances of real property, and there is no sound basis upon which a distinction can be made.

It is a question of intention and effect. The law conclusively presumes that the husband intends that his act shall have the effect that it purports to have upon its face, that he part with all his interest in the property conveyed. If a transfer of personal property to the wife by her husband did not, of its own force, vest in her a separate estate, the transfer would be a farce, and perhaps a fraud upon her, because the husband would immediately become again the owner of it by virtue of his marital rights, and the wife would take nothing. If the same result did not follow a conveyance of land by a husband to his wife, he would, by the same marital rights, become seized of an estate therein during their joint lives, and, if they have a child born alive, for his life, if he survives her, as tenant by the curtesy, and

entitled to receive and enjoy the rents and profits. The wife would not only be deprived of all the fruits of ownership during all this time, but she could not sell or convey it without his consent and joinder in the conveyance—a power in the husband over the disposition of the property that often enables him to control and reacquire title by reducing to possession the proceeds of the sale of it. The wife would acquire a bare right to sell with the concurrence of her husband while he lived, and only come into full ownership and enjoyment in the event she should survive him—an estate more in the nature of a remainder than the absolute one taking effect immediately which the deed purports to pass, and wholly inconsistent with the terms of the instrument. Beneficial results would be practically wanting in transfers of both species of property, and there would be a like conflict in both cases in the effect and the apparent object of the transaction and expressed purpose of the parties. It cannot be supposed that parties intend that contracts deliberately entered into, often supported by valuable consideration, should be so abortive and barren of results. It is more reasonable to treat the contract as having its plain and natural meaning, and effective to vest in the wife the absolute estate (a separate estate) which the language of the instrument indicates it was the intention of the conveyor to convey. This view is in harmony with our statute providing that a grant or conveyance of land is effective to pass all the title and interest of the grantee therein, unless the intent to convey a

less estate appears by express words or necessary implication from the terms of the instrument. It is immaterial that the marital right of the husband attached to property conveyed to the wife by operation of the law, and without any affirmative action on his part. This is presumed to be known to and in contemplation of the parties when a contract of the character under consideration is made, and to be provided against so far as the creation of a separate estate can have that effect. When there is no reservation in a deed, it will be taken as passing to the vendee the highest estate that the vendor can convey, which in the case at bar is a separate estate in the land conveyed. It is clear upon principle and authority that a conveyance of lands by husband to the wife in the usual form must be held by necessary implication and as a matter of law to vest in the wife a technical separate estate in the premises conveyed. No words expressive of such intention are necessary. It will be conclusively presumed from the relation of the parties and the nature of the transaction.

We are therefore of the opinion and hold that the chancellor was in error in decreeing that the conveyance made by Mr. Barnum to Mrs. Barnum did not pass to and vest in the latter a separate estate in the lands conveyed, and that she did not have the right to sell and convey the same, upon proper privy examination, without his consent and joinder in the deed. The deed made by Mrs. Barnum is valid and effective to vest in the purchaser a good title to the property free from all marital

Barnum v. Le Master.

or other rights of her husband, and the decree adjudging to the contrary will be reversed, and one here entered in accordance with this opinion.