WILLIAM H. WEMYSS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 110419.   Promulgated October 14, 1943.

*Cecil Sims, Esq.,* and *James W. Allen, C. P. A.,* for the petitioner. *Charles P. Bagley, Esq.,* for the respondent.

878

OPINION.

MELLOTT, *Judge*: The sole issue is whether the transfer of the stock, the value of which is not controverted, constituted a taxable gift. The applicable provisions of the statute are shown in the margin.[1]

The parties agree that the transfer was made in consideration of the promise of marriage by petitioner's prospective wife and, as stated in the contract, to compensate her for the loss of income which she had been receiving under the trusts created by her first husband as well as "to provide for and maintain her for so long as she may live in keeping with her station in life." We agree with petitioner's contention that the agreement to marry constituted valuable consideration for the transfer. *Prewit* v. *Wilson*, 103 U. S. 22; *Barnum* v. *Le Master*, 110 Tenn. 638; 75 S. W. 1045; hence no taxable gift was made if only section 501 (a), *supra*, be considered. We pass at once, therefore, to the other contentions of the parties.

Section 503, *supra*, provides that where property is transferred for less than an adequate and full consideration in money or money's worth the amount by which the value of the property exceeds the value of the consideration shall, for the purpose of the tax imposed by the title, be deemed a gift and be included in computing the amount of gifts made during the year. Respondent has construed the section as authorizing the inclusion of the entire value of property transferred for "a consideration not reducible to a money value, as love and affection, promise of marriage, etc."[2]

Petitioner contends that respondent's interpretation is erroneous. He argues that section 501 imposes an excise only upon the transfer of property by gift; that section 503 is applicable only where proper-

---

[1] SEC. 501. IMPOSITIONS OF TAX.

(a) For the calendar year 1932 and each calendar year thereafter a tax, computed as provided in section 502, shall be imposed upon the transfer during such calendar year by any individual, resident or nonresident, of property by gift.

SEC. 503. TRANSFER FOR LESS THAN ADEQUATE AND FULL CONSIDERATION.

Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall, for the purpose of the tax imposed by this title, be deemed a gift, and shall be included in computing the amounts of gifts made during the calendar year.

[2] Articles 1 and 8 of Regulations 79 provide:

"ART. 1. * * * The tax is not limited in its imposition to transfers of property without a valuable consideration, which at common law are treated as gifts, but extends to sales and exchanges for less than an adequate and full consideration in money or money's worth. (See article 8.) * * *"

"ART. 8. * * * Transfers reached by the statute are not confined to those only which, being without a valuable consideration, accord with the common law concept of gifts but embrace as well sales, exchanges, and other dispositions of property for a consideration in money or money's worth to the extent that the value of the property transferred by the donor exceeds the value of the consideration given therefor. * * * A consideration not reducible to a money value, as love and affection, promise of marriage, etc., is to be wholly disregarded, and the entire value of the property transferred constitutes the amount of the gift."

ty is transferred for a monetary consideration less than its actual value or is exchanged for property of less value; that the latter section is subordinate to the former and is to be applied only where there is a plain attempt at evasion through making a purported sale of property for less than its actual value: and that if section 503 be construed as taxing bona fide transfers for a valuable consideration it would be "contrary to the actualities * * * . unreasonably oppressive * * * , would arbitrarily ignore recognized rights to enjoy and convey individual property for a valuable and adequate consideration, and * * * violate the guaranty of due process of law * * * ." Finally and in the alternative he urges that even if the promise of marriage be wholly disregarded there was nevertheless an adequate and full consideration in money or money's worth for the transfer in the legal detriment which the wife agreed to suffer in surrendering an annuity valued at $77,550. Therefore, he says, the gift made by him could not exceed the difference between that amount and the value of the stock. or $71,956.13.[3]

We are not persuaded that respondent has erred in his interpretation of section 503. The legislative history [4] indicates that Congress was endeavoring "to state with brevity and in general terms the provisions of a substantive character." Referring to some of the terms used—property, transfer, gift, etc.—it is said that they "are used in the broadest and most comprehensive sense." Cf. *Robinette* v. *Helvering*, 318 U. S. 184, and *Smith* v. *Shaughnessy*, 318 U. S. 176. There is nothing to indicate that Congress intended to make section 503 subordinate to section 501 or that it should be limited to instances where property is "sold or exchanged" for less than an adequate and full consideration in money or money's worth, as urged by petitioner. The fact that such words had been used in an earlier act (sec. 320, Revenue Act of 1924) is unimportant. In our judgment Congress deliberately and intentionally chose to include, within the category of property to be taxed, not only that passing by a transfer which constituted a gift at common law. but also all which was transferred for less than an adequate and full consideration in money or money's worth. In other words, section 503 is supplementary to section 501.

The conclusion which we have reached is supported not only by the language of the act and the legislative history, but also by the regulations which have been in effect without change for many years. (Arts.

---

[3] The only evidence touching upon this phase is the wife's age—44 years—at the time of her marriage to petitioner and the income of the trusts. The $77,500. used by petitioner as the value of the right of Ellen Stokes More to receive for life one-half of the income of the trusts created by her first husband, is the result of a calculation under a table set out in respondent's regulations for the value of annuities. In making the calculation petitioner used the average annual income ($5,484) received by Mrs. More under the trusts prior to her marriage to him.

[4] Senate Rept. No. 665, 72d Cong., 1st sess.; House Rept. No. 708, 72d Cong., 1st sess.

1 and 8, Regulations 79, *supra.* Cf. Arts. 1 and 8, 1936 Edition, approved Feb. 26, 1936.) "Treasury Regulations and interpretations long continued without substantial change. applying to unamended or substantially reenacted statutes, are deemed to have received Congressional approval and have the effect of law." *Helvering* v. *Winmill.* 305 U. S. 79; *Taft* v. *Commissioner.* 304 U. S. 351.

The only consideration received by petitioner for the transfer of the stock was the promise of marriage. While it. as pointed out above, is a valuable consideration, it is not measurable in "money or money's worth." *Prewit* v. *Wilson, supra.* Cf. *Central Union Trust Co. of New York et al.. Executors,* 24 B. T. A. 296. It is obvious. therefore, that "the amount by which the value of the property [transferred] exceeded the value of the consideration" equaled precisely the value of the property transferred. While the regulation states that a consideration not reducible to money value "is to be wholly disregarded," that is merely giving recognition to the fact that an attempt to make the calculation specified in the act would be nugatory.

The parties discuss at some length *Commissioner* v. *Bristol,* 121 Fed. (2d) 129, reversing *Bennet B. Bristol.* 42 B. T. A. 263. The issue in that case was whether certain properties and annuities transferred by petitioner to his wife upon marriage were gifts subject to tax. We concluded that Congress did not intend the interpretative restriction placed around the estate tax (the amendment made by section 804 of the Revenue Act of 1932 to the estate tax law being declaratory of the law as it was prior thereto) to apply to the gift tax law and that the relinquishment of dower or other marital rights might. under the gift statute. be adequate and full consideration in money or money's worth. We pointed out that an arithmetical comparison of the value of the rights given up by the wife—relinquishment of her statutory rights in her husband's estate—with the value of the property received by her demonstrated that the transfer was full and adequate in money or money's worth. We have subsequently expressed our belief that the basic principle upon which decision was reached is sound (*Herbert Jones,* 1 T. C. 1207. 1209) and the District Court for the Southern District of Florida recently chose to follow it "rather than the contrary view set forth" in the opinion of the Circuit Court. *Merrill* v. *Fahs,* 51 Fed. Supp. 120. But an attempt to apply it here could not aid petitioner; for no property or property rights of his prospective wife, vested, contingent, or inchoate, were transferred by her to him. All that he received was her promise to marry him.

Petitioner's argument in support of his contention that the interpretation placed upon section 503 by the Treasury Department renders it unconstitutional is based largely upon *Helvering* v. *City Bank Farmers Trust Co.,* 296 U. S. 85. In that case the taxpayer urged that section 302 (d) of the Revenue Act of 1926 was unconstitutional,

it providing that there should be included in the gross estate of a decedent the value at the time of his death of property transferred prior to death where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any other person, to alter, amend, or revoke the transfer. The Court denied the contention, saying *inter alia:*

\* \* \* Congress may adopt a measure reasonably calculated to prevent avoidance of a tax. The test of validity in respect of due process of law is whether the means adopted are appropriate to the end. A legislative declaration that a status of the taxpayer's creation shall, in the application of the tax, be deemed the equivalent of another status falling normally within the scope of the taxing power, if reasonably requisite to prevent evasion, does not take property without due process. But if the means are unnecessary or inappropriate to the proposed end, are unreasonably harsh or oppressive, when viewed in the light of the expected benefit, or arbitrarily ignore recognized rights to enjoy or to convey individual property, the guarantee of due process is infringed.

Petitioner concedes that Congress has the power to classify, as taxable gifts, colorable transactions intended to evade the gift tax. He insists, however, that it may not tax a bona fide transfer for a valuable consideration, pointing out it is elementary the power to prevent evasions is to be reasonably exercised. The premise is sound but the conclusion is nevertheless erroneous. The taxation as a gift of the transfer by a wealthy man of a substantial portion of his property to his intended spouse is, in our judgment, a reasonable exercise of the power to prevent evasions. Normally property so transferred will not be included in his gross estate in the absence of some affirmative act by the wife. Unless the tax is imposed when the transfer is made the excise upon the transfer will be altogether escaped. The gift tax and the estate tax are *in pari materia* and "an important, if not the main purpose of the gift tax was to prevent or compensate for avoidance of death taxes by taxing the gifts of property *inter vivos* which, but for the gifts, would be subject in its original or converted form to the tax laid upon transfers at death." *Estate of Sanford* v. *Commissioner*, 308 U. S. 39. It is reasonable to assume that Congress was aware of the fact that a transfer in consideration of marriage would not be a true gift since it would be based upon a valuable consideration. The fact that it chose language appropriate, under the Supreme Court decisions, to subject such a transfer to tax indicates that it was familiar with the court's interpretation and that it deliberately adopted the language for the purpose of closing the door against this method of escaping tax upon a transfer of property. In this view it is immaterial that the transfer, as here, may not have been animated by a tax-saving motive. We believe that the regulations correctly interpret the law and that section 503 as

thus construed does not violate the guaranty of due process of law under the Fifth Amendment to the Constitution.

Petitioner's alternative contention is that if section 503 be construed as applicable to the transfer made by him then the taxable gift must be limited to the excess of the value of the stock over the value of the interest in the income of the two trusts which his wife lost by reason of and upon her marriage to him.

Even if it be assumed that the loss by his wife of the income of the trusts was a consideration for the transfer of the stock rather than a mere consequence of the marriage, petitioner's contention must fail because he did not receive the income of the trusts or acquire any right thereto. All that he received was a promise of marriage, which, as heretofore pointed out, is not measurable in money or money's worth. But he can not prevail on this ground for other reasons. If it should be held that the taxable gift is to be computed as he suggests, then he should have proved the actual value of the wife's interest under the trusts. Cf. *John D. Archbold.* 42 B. T. A. 453. The fact that the average income received by her during the period of her widowhood was at the approximate rate of $5,484 per annum is no assurance that the income would thereafter continue at the same rate. Neither trust instrument gave her an annuity for life. Each merely provided that she should have an aliquot part of the income, whatever it was. The corpus of each trust consisted of capital stock of the Arcade Co. of Nashville, Tennessee. No evidence as to the financial condition of the company or of the assets owned by it was adduced.

Petitioner's argument that the "detriment" suffered by his wife was consideration for the transfer even though it did not result in any financial gain to him loses much of its force when it is kept in mind that the income which she would have received under the trusts inured wholly to her infant son. It may well be, though we make no holding to that effect, that her maternal instinct prompted her to take the step which would give him double assurance of an adequate income for life.

Respondent in our judgment committed no error in determining the deficiencies in tax.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

DISNEY, *J.*, dissenting: Although perhaps, on the ground of failure of consideration, the ultimate conclusion of the majority opinion may be correct, the opinion is in large part based upon a concept to which I can not subscribe. that is, that section 503 of the Revenue Act of 1932 uses the word "consideration" as meaning consideration only to the donor, and may not be applied if the consideration consists only

of detriment suffered by the donee. Neither in that section nor elsewhere in the revenue act do I find the word "consideration" defined. I conclude, therefore, we should apply that meaning which has developed through centuries of experience in the civil and common law. That meaning, beyond controversy, includes detriment suffered by the promisee. Corpus Juris Secundum on Contracts, p. 425. It is true that *Commissioner* v. *Bristol*, 121 Fed. 129, contains language to the effect that section 503 provides that the transferor must receive consideration. The statute, however, does not so provide. but requires only that property be "transferred for less than adequate and full consideration," and if not, that the excess be deemed a gift. Property was transferred in this case for a consideration. Reasonable and realistic construction of the contract indicates clearly, I think, that the wife-to-be agreed to do two things, to wit, to marry petitioner and to forego her rights under a trust. The findings of fact recite that she told the petitioner that she would not marry him and lose her life income under the trust unless he would enter into a premarriage contract with her to make good her loss. In truth the making good of the loss appears the principal element of the written agreement entered into. It was upon the representation and understanding that marriage would entail such loss to his intended wife that the petitioner agreed to, and did, make the transfer: and if this representation had proved unfounded and she had in fact continued to receive, as before, the income under the trust, there would, in my opinion, have been partial failure of consideration for petitioner's transfer. Of course, the fact that it may not have represented full and adequate consideration goes only to the amount to be deemed gift. To the wife-to-be the detriment was consideration "in money or money's worth." The only point, then, is whether the consideration may be only to the promisee.

The Congressional Committee Reports covering section 503 of the Revenue Act of 1932. the same in both House and Senate, say that, "the tax is designed to reach all transfers to the extent that they are donative" and therefore that where the transfer is made for less than adequate and full consideration, the excess in value of property transferred over such consideration shall be deemed a gift. Patently, the object of the statute is to tax only so much of a transfer as is donative. This requires application of the usual concepts of gift and therefore of consideration. In my view, the language of section 510 of the same revenue act bears out this idea; for that section provides that the donee is personally liable for the gift tax. if not paid when due, to the extent of the value of the gift. The majority opinion. therefore, subjects the petitioner s wife to the entire gift tax upon something for which she gave a very real consideration, in money or money's worth. to some apparently considerable degree; for though the majority opinion holds

that in any event the value of her interest in the trust was not proven, and obviously it was not fully proven, nevertheless, clearly it appears that it had no small monetary value. An interest in a trust which had for the last six years produced about $5.000 per year can hardly be denominated without money's worth. I find no reason, either in the words of the statute or in the requirement of the situation sought to be covered by the statute, to desert the long respected concept of "consideration." Why not take the law as we find it? The statute, in my opinion, fairly and reasonably requires the application thereof and negatives intent to tax that portion of a transfer which as between the parties is covered by consideration in its usual and ordinary legal sense.

In the above nothing is said as to whether an agreement to marry is a consideration measurable in money, for the reason that the agreement to marry was only one of the considerations entering into the contract, and therefore it appears immaterial as to whether marriage as consideration was pecuniarily measurable. The above conclusions, therefore, are based only upon the financial detriment suffered by the wife-to-be. as a consideration which in my opinion the law requires us to take into account. I therefore respectfully dissent.