### VANDERVEER et al. v. VANDERVEER et al.

(*Supreme Court, General Term, Second Department.* June 25, 1888.)

1. CURTESY—LAND CONVEYED FROM HUSBAND TO WIFE.
　A husband and wife entered into an agreement, by which certain premises were to go to the husband, and a lot was to be conveyed to the wife, which was done by the husband executing a deed to a third person, who conveyed to the wife. Neither the agreement nor the deeds made in pursuance thereto made any reference to the husband's inchoate right as tenant by the curtesy in the wife's lands. The wife having had issue of their marriage, died seized of the lot so conveyed, no will being proved. *Held,* that the husband was entitled to curtesy in said lot.

2. ATTORNEY AND CLIENT—COUNSEL FEES—ORDER FOR EXTRA ALLOWANCE.
　In an action involving property of the value of $80,000, the rent thereof being $8,000, and the decision involving a vexed question of law, an extra allowance of $500 counsel fees to the prevailing party is proper, although the trial of the case took but little time.

Appeal from special term, Kings county; E. M. CULLEN, Justice.

Action by the heirs of Lucy Vanderveer against William Vanderveer, surviving husband of said Lucy, and also executor, with his co-defendant, James Doyle, of the last will and testament of said Lucy Vanderveer, to obtain the possession of land. Judgment for defendants. Plaintiffs appeal. The special term made an allowance of $500 for counsel fees for defendants, from which an appeal was also taken. The decision of the special term gave the husband curtesy in all the lands of which the wife died seized, as well those conveyed under the agreement referred to in the opinion as other lands.

*T. C. Cronin,* for appellants. *Morris & Pearsall* and *Wm. D. Veeder,* for respondents.

BARNARD, P. J. The case shows that the defendant William Vanderveer and his wife, Lucy Vanderveer, settled a dispute between themselves by an agreement, under which certain premises were to be conveyed to the husband, and a lot known as "No. 6, Wyckoff tract, Coney Island," should go to the wife. Title was made to the wife by transfer from husband and wife to one Devlin, and by Devlin and wife to the wife. The wife had six children by the defendant William Vanderveer, but the case does not show whether all were born before she acquired title to lot No. 6. The appellants' points assume such to be the fact. The case does not show that Lucy Vanderveer left a will. The fact is set up in the answer, and a copy is set forth, but it does not appear to have been proven, and it is not found. The only question pre-

v.1N.Y.s.no.11—57

sented, therefore, is whether the defendant William Vanderveer has an estate of tenancy by the curtesy in his wife's land, when she died, without having conveyed them in her life-time, and without having disposed of them by will.

There is nothing in the effect of the settlement which destroys the husband's estate. The deed from husband and wife to Devlin, and from Devlin and wife to the wife, contain no words which go beyond the transfer of the estate as it was when the deeds were given. There is not a word in any of the conveyances which authorizes a presumption that the effect of the transaction was intended to be more than a division of property, with the rights and possible rights of each in the land of the other. The wife still had an inchoate right of dower in the husband's pieces; and although the husband had no legal right in her portion, he could subsequently acquire a title therein as tenant by the curtesy. There should be plain words to bar a possibility of a future inheritance in the wife's lands, because since the married woman's acts this tenancy does not exist in her life. She may convey the land free from it and she may convey the land by will. If she does neither, the husband's life-estate becomes operative. The judgment should therefore be affirmed, with costs.

The order for an extra allowance is proper. The value of the land is over $80,000, and the rent some $8,000 a year. Although the case took little time in the actual trial, the question involved an extended examination of the law in respect to a vexed question. The order should also be affirmed, with costs.

PRATT, J., (*concurring.*) It must be considered as well settled that tenancy by curtesy is not abolished. And we do not find that the conveyances proved in this case contain any estoppel against the defendant William Vanderveer in respect to such estate. As pointed out in the opinion at special term, he did not cut off such estate by his conveyance to Devlin; the estate did not at that time exist. It did not come into being till the death of the wife, the owner of the fee. The husband has neither conveyed it nor agreed so to do. It follows that the cause was well decided.