POLLY BOGERT, Appellant, *v.* DAVID J. BOGERT, Executor, etc., *et al.*, Respondents.

*N. Y. Supreme Court, First Department, General Term, May* 24, 1889.

*Partition. Party.*—A tenant by the curtesy in an undivided interest, is a necessary party to an action of partition, if such prior to its commencement.

See Note at the end of this case.·

Appeal from an order compelling a purchaser at a partition sale to take title.

*P. Q. Eckerson,* for appellant.

*G. W. Pleasants,* for respondents.

VAN BRUNT, P. J.—This was a motion to compel the purchaser at a partition sale to take title.

Various objections were raised upon the hearing of the motion in the court below, but whether the objection now raised, namely, that Charles Moyer, who was the husband of Mary E. Brinkerhoff, who died intestate, has a life interest in the portion of the premises belonging to his wife, and should have been made a party to this action, was taken or not it is impossible to determine.

Various other objections were taken which seem to have been properly overruled, but which it is not necessary to discuss, because of the conclusion at which we have arrived in regard to the objection which has been above stated.

It appears that Mary E. Brinkerhoff, in her lifetime, was seized of an undivided share of the premises in question; that she married Charles Moyer and died intestate prior to the commencement of this action, leaving, her surviving, her husband and three children, and by the decree in this action it is found that said three children were each entitled, as

the heirs of their mother, to 1–252nd part thereof. It seems to be clear that the husband of Mary E. Brinkerhoff, at her death, as tenant by the curtesy, was entitled to a life estate in this undivided share, and in order that a complete and perfect title might be made, he should have been made a party to the action.

Why he was omitted we do not know, but it is clear that he was entitled to such life estate and that his interest is not cut off by this decree.

We think, therefore, for this reason, that the order should be reversed, but, under the circumstances, without costs.

The case, upon this appeal, has been made up without an index, contrary to the rules, and as a result the labor of the court, in examining the facts, has been very materially increased.

The order must be reversed, without costs.

CULLEN, J., concurs.

## NOTE ON THE ESTATE BY THE CURTESY.

The conditions necessary to exist, in order to create the husband's right of curtesy in his deceased wife's real estate, have not been changed by the statutes relating to the rights of married women. These statutes have indeed made alterations in its extent, value and the power of the wife to extinguish it by deed or will. This modification will be noted by a reference to the decisions.

*When created.*—The birth of a child at any time during coverture, whether before or after the commencement of an adverse possession, would constitute the husband tenant by the curtesy of all lands of his wife, of which, during the coverture, she was so seized as to support such an estate. Jackson *v.* Johnson, 5 Cow. 74.

Four things are necessary to constitute a tenancy by the curtesy: marriage, seizen of the wife, issue, and death of the wife. Id. But it is not necessary that seizen and issue should concur. If the wife become seized of lands during the coverture, and then be disseized, and then have issue, the husband shall be tenant by the curtesy of these lands, and on his wife's death, may enter as such tenant. So, if the wife become seized after issue, though the issue die before her seizen. Id. And as to what shall amount to a seizen, it was held in this case, that it is enough if the wife holds at will, or under a vendee who en-

tered under a contract to purchase her estate; and that the rule, which, requires actual seizen, applies only to cases where it is not complete till entry, as where the estate comes to the wife by descent or devise, and not where it comes by purchase, and is transferred into possession by the statute of uses. See Adair *v.* Lott, 3 Hill, 182.

The interest of a tenant by the curtesy is something more than a mere charge or incumbrance; it was held, in Adair *v.* Lott, *ante,* to be a legal estate in the land.

To entitle a husband to his curtesy, the wife must be seized in fact and in deed; it is not sufficient that she has a seizen in law of an estate of inheritance. Taylor *v.* Gould, 10 Barb. 388; 4 Kent's Com. 29; Jackson *v.* Johnson, *ante;* Bates *v.* Schraeder, 13 John. 260; Jackson *v.* Hilton, 16 Id. 96.

And if there is an outstanding estate for life, the husband cannot be tenant by the curtesy of the wife's estate in reversion or remainder, unless the particular estate is ended during coverture. Taylor *v.* Gould, *ante;* 4 Kent's Com. 29.

There can be no seizen in fact of a vested remainder limited on a precedent freehold estate. Taylor *v.* Gould, *ante;* Green *v.* Putnam, 1 Id. 506; Dunham *v.* Osborn, 1 Paige, 634, Reynolds *v.* Reynolds, 5 Id. 161; Matter of Cregier, 1 Barb. Ch. 598..

And where a life estate and the immediate reversion unite in a *feme covert,* her husband is entitled to a life estate as tenant by the curtesy. Taylor *v.* Gould, *ante;* 4 Kent's Com. 99, 100; 3 Parsons on Cont. 182, 261.

The seizen of the wife is sufficient to make the husband tenant by the curtesy, notwithstanding the possession of a vendee. Vrooman *v.* Shepherd, 14 Barb. 441.

A *feme covert* has such possession of wild and uncultivated lands, as to enable her husband to become tenant thereof by the curtesy. Beekman *v.* Sellick, 8 John. 262.

The husband is not entitled to curtesy in land devised to the wife for life, with remainder over. Young *v.* Geesenheimer, 7 Daily Reg. 373.

Where a woman, to whom real estate is devised with power of sale to the executors, marries, has issue which dies, and she herself dies before a sale, leaving a husband, he is entitled, as tenant by the curtesy, to the interest of the proceeds, during life, in lieu of the rents and profits. Dunscomb *v.* Dunscomb, 1 John. Ch. 508.

It is a general rule that to support a tenancy by the curtesy, there must be an actual seizen of the wife. Ferguson *v.* Tweedy, 43 N. Y. 543; Mercer's Lessee *v.* Selden, 1 How. N. S. 37–54. The rule is not inflexible, and there are exceptions to it.

In Ellsworth *v.* Cook, 8 Paige, 646, it was held that the possession

Note on the Estate by the Curtesy.

of a lessee under a lease reserving rent is an actual seizen, so as to entitle the husband to a life estate in the land as a tenant by the curtesy, though he has never received or demanded rent during the life of his wife.

So, it was held in 8 John. 271, Jackson v. Sellick, that wild, unoccupied or waste lands may be constructively in the possession of the wife.

So, a recovery in an action of ejectment has been held equivalent to an actual entry. Ellsworth v. Cook, ante.

In Jackson v. Johnson, ante, it was held that, where the wife takes under a deed, and there is no adverse holding at the time, actual entry is not necessary.

But where there is an outstanding estate for life, it was held, in Ferguson v. Tweedy, ante, that the husband cannot be the tenant by the curtesy of the wife's estate in reversion or remainder, unless the particular estate terminates during coverture. In this case the wife of plaintiff was co-devisee with her brother of a certain farm, with a limitation over to the survivor on the death of either without issue, and by interchanging deeds with her brother before marriage, partitioned the devised farm until either should die without issue and no longer, and went into exclusive possession of the part conveyed to her, while her brother took exclusive possession of the part conveyed to him. The wife died leaving her husband and issue surviving, and subsequently her brother died without issue, and it was held that the plaintiff had no tenancy by the curtesy in the land conveyed to the brother.

In Gibbs v. Esty, 22 Hun, 266, certain premises were set off and assigned to the widow of the intestate as her dower, and from and after that time she occupied and had the exclusive possession of the said premises down to the time of her death in 1870. One of the heirs conveyed prior to such assignment of dower his interest in said real estate to plaintiff's wife who died in 1866 leaving her husband and children surviving. It was held in an action by said children to recover their interest in the lands from the grantees of their father, that the doweress was in possession as of the seizen of her husband, and that her title related back to the time when her husband became seized; and that plaintiff's wife as grantee of one of the heirs was never seized, in fact, of the premises, and consequently her husband had no right therein, as a tenant by the curtesy, and nothing passed by his conveyance.

A husband is not entitled to a tenancy by the curtesy in lands, where his wife, at the time of her death, was not seized thereof, but the legal title, as well as the possession, was in the trustee for the execution of the trust. Bevins v. Riley, 24 W. Dig. 35.

A husband does not acquire an estate by the curtesy, where his coverture began after an adverse possession had commenced, and ended during its continuance. Baker v. Oakwood, 49 Hun, 416; Jackson v.

Johnson, *ante;* Adair *v.* Lot, *ante;* Ferguson *v.* Tweedy, *ante;* 4 Kent's Com. 30; Parker *v.* Carter, 4 Hare, 400, 416; Den *v.* Demarest, 21 N. J. L. 525.

In Shult *v.* Moll, City Ct., Bk'lyn, June 23, 1890, it was held that a divorced husband can inherit no interest in his former wife's after-acquired real estate by virtue of having once been her husband. See Matter of Ensign, 37 Hun, 152.

*Changes made by married women's act of* 1848, *etc.*—In Clark *v.* Clark, 24 Barb. 581, the court says that if the wife does not avail herself of the right, given by the statute, to convey or devise her real property, the husband will, upon her decease, become tenant by curtesy whenever he would have been such tenant prior to the act conferring the right upon the wife to convey and devise.

In Jaycox *v.* Collins, 26 How. 496, the court said that the construction adopted by the cases is that the acts of 1848 and 1849, were undoubtedly intended to allow a married woman to take and hold real and personal property to her separate use, free from the control or disposal of her husband, and free from all liability for his debts, and to enable her to make an effectual disposition of it by deed or will, and thus to place it, if she chooses, wholly beyond the power or reach of her husband, but that if the wife omits to exercise her right of disposal, the acts were not intended to interfere with the laws of descent, in respect to the real estate, or the laws giving the husband the right of succession to the personalty.

All that this statute was ever intended to accomplish was to protect the property in the wife during coverture, and to empower her to convey the same by deed or devise. The statute was never intended to change the direction of the real estate upon the wife's death, unless she herself had changed it by a valid devise. The laws of descent remain unchanged by its enactments; and the real estate, by the law of descent is cast the same as if this statute had never been passed. The statute cuts off most emphatically all that freehold estate which the husband acquired *jure uxoris* during coverture and which was a freehold estate during their joint lives; and the husband has now, during coverture, no interest in the wife's lands which he can use or transfer, or which his creditors can in any manner reach. The estate is vested in the wife during coverture, and upon her death descends to her heirs charged with the encumbrance of the husband's rights as tenant by the curtesy if there has been a child born alive by the marriage; if none, then the estate becomes perfect and absolute in her heirs. Hurd *v.* Cass, 9 Barb. 366.

And in Lansing *v.* Gulick, 26 How. 250, it was held that the right of tenancy by the curtesy still exists, notwithstanding the acts of 1848

and 1849, subject, however, to be defeated by the wife by any disposition of the property in her lifetime by deed or will.

And in Matter of Winne, 2 Lansing, 21, it was held that the estate by the curtesy survives to the husband, on the decease of his wife, in all her real estate, to which it would have attached at common law, and over which she has not exercised the power of disposition given by the acts for the more effectual protection of married women, and that when all the facts requisite at common law to produce this tenancy exist, and the wife dies intestate, without having conveyed the land, the husband will take it for his life to the exclusion of the wife's heirs.

In Remsen *v.* Nichols, 22 N. Y. 110, the court say that the effect of the laws of 1848 and 1849, is to place the separate property of a married woman entirely at her disposal during her life, with the right of disposition by will. But if she fails to make any disposition of it, and die intestate, the° husband has all the rights given him by the common law and by the unrepealed provisions of the statutes.

So, in Beamish *v.* Hoyt, 2 Robt. 307, it was held that in case a married woman, seized of real estate, has issue of the marriage born alive, and dies without disposing thereof, her husband becomes entitled to an estate therein, as tenant by the curtesy, which will pass to a receiver of his property.

The case of Billings *v.* Baker, 28 Barb. 343, did not involve the question whether, upon the death of a married woman intestate, her husband takes as tenant by the curtesy in the lands of which she died seized; but the only question therein to be decided was whether the husband during coverture had any interest in the separate estate of his wife, which made it necessary for her to bring him into court to entitle her to a judgment of partition. The decision is undoubtedly correct in respect to this question, and instead of conflicting with the other cases, is in harmony with them.

In Burke *v.* Valentine, 52 Barb. 412, it was held that the acts of 1848 and 1849 for the more effectual protection of the property of married women, have not interfered with, or taken away, the estate by the curtesy as to subsequently-acquired real estate of the wife after her death, if not disposed of by her during life, or by will to take effect at her death.

It was held in Hatfield *v.* Sneden, 54 N. Y. 280, that the law had become substantially settled that while the married women's acts of 1848 and 1849 excluded the husband during life from control of, or interference with, his wife's separate real and personal estate, and gave her alone the power of disposition by deed or will, yet they left the husband the right of curtesy in so much of her real property as remained undisposed of at her death.

In Young *v.* Langbein, 7 Hun, 151, it .was held that, where a wife has the fee, at her death, and there has been issue of the marriage, her estate is one, subject to the right of her husband as tenant by the curtesy, under a recent decision of the court of last resort. Hatfield *v.* Sneden, *ante.*

Before the married woman's act, if a wife had title to land, and was entitled to possession, her husband was entitled to an estate therein during his own or the life of his wife, and to the rents and profits therefrom, depending upon whether issue was, or was not, born alive. Graham *v.* Luddington, 19 Hun, 248, note. In both cases, the wife's ·estate upon her death descended to her heirs; in the first case, subject to the continuance of the husband's estate during his life; in the latter case, free from her husband's estate. Id. But where the husband did not become entitled to the possession of his wife's lands ·prior to the enactment of the married woman's act, they were, by virtue ·of this act, freed from the husband's life estate during the life of the wife, who would hold and could dispose of them as though she was a *feme sole,* and was entitled to maintain an action to recover her share therein without joining her husband as a party plaintiff. Id. 246.

The right to the tenancy by curtesy as to the property of married women, was not taken away by the Laws of 1848 and 1849, or the amendments thereof. Leach *v.* Leach, 21 Hun, 381. Though there has been considerable conflict in the decisions upon this question, the weight of authority is now clearly in favor of this view. Id. Hatfield *v.* Sneden, *ante;* Matter of Winne, *ante;* Burke *v.* Valentine, *ante;* aff'd 6 A. L. J. 167; 47 N. Y. 351. This rule does not interfere with her conveying or devising her real estate, as though she was a *feme sole.* Id; ·Cashman *v.* Henry, 75 N. Y. 103; Meeker *v.* Wright, 76 Id. 262.

It was held in Matter of Kirk *v.* Richardson, 32 Hun, 434, that no ·other factors are necessary, under our present laws, to constitute tenancy by the curtesy than the marriage, seizure in fee, birth of issue, the wife's dying intestate seized of the premises and the husband's ·survivorship.

The married women's acts of 1848, *et seq.*, have not abolished the common law rights of the husband as tenant by the curtesy. Mach *v.* Roch, 21 W. Dig. 488; Barnes *v.* Underwood, 47 N. Y. 351, Hatfield *v.* Sneden, 54 Id. 280; Matter of Winne, 2 Lansing, 21; Leach *v.* Leach, 21 Hun, 381; Burke *v.* Valentine, 52 Barb. 412; 2 Robt. 307. The husband, upon the death of his wife, without disposing of her real estate by grant, devise or otherwise, becomes entitled, if all the essentials ·exist, to the possession of the premises during the period of his natural life, and to the administration and enjoyment of them, and may maintain summary proceedings to dispossess a tenant to whom his deceased wife leased the premises. Mach *v.* Roch, *ante.*

In Matter of Clark, 40 Hun, 233, the husbands of two of the daughters of the testator were called by the contestants as witnesses in proceedings for the probate of testator's will, and it was held, upon objections having been made under section 829 of the Code, that they had no interest in the event of the controversy in a legal sense, on the ground that their right to take, as survivors of their wives, a life estate in the lands of which the latter shall die seized during coverture, in case all other requisites exist, is dependent upon their omission to dispose of them by devise or otherwise.

Prior to the enactment of the Code of Procedure it was declared in a series of cases that a tenant by the curtesy could maintain an action for partition. Tilton *v.* Vail, 42 Hun, 638; Riker *v.* Darke, 4 Edw. Ch. 668; Sears v. Hyer, 1 Paige 483, 486. The Code, by section 1532, provides that " Where two or more persons hold and are in possession of real property, as joint tenants or as tenants in common, in which either of them has an estate of inheritance or for life or for years, any one or more of them may maintain an action for the partition of the property, according to the respective rights of the person interested therein."

The husband, in consequence of his life estate, being a tenant in common, and in possession in common with others, of the premises, has an undoubted right to maintain the action. Tilton *v.* Vail, *ante.*

Tenancy by curtesy is not abolished. Vanderveer *v.* Vanderveer, 49 Hun. 608. There must be plain words to bar a husband's possibility of a future inheritance in the wife's lands. Since the married woman's act, this tenancy does not exist in her life-time. Id. She may convey the land free from it and she may convey the land by will. Id. But if she does neither, the husband's life estate becomes operative. Id.

In Bogert *v.* Bogert, reported above, an action was brought to partition real estate. One of the co-tenants was seized in her life-time of an undivided share. of the premises, and afterwards married, had issue and died intestate prior to the commencement of the partition suit, leaving her surviving her husband and children; and it was held that the surviving husband was, at his wife's death, entitled, as tenant by the curtesy, to a life estate in this individual share, and must be made a party to the action, in order to make a complete and perfect title.