## J. W. HULL *v.* MARY V. HULL *et al.*

### (*Jackson.* April Term, 1918.)

1. **CURTESY. Consummate. Statutes. Construction.**

The Married Woman's Emancipation Act (Thompson-Shannon Code, section 4249a) did not of itself abolish the estate of tenancy by the curtesy consummate. (*Post, p.* 573.)

Cases cited and approved: Day v. Burgess, 202 S. W., 911; Bryant v. Freeman, L. R. A. 1915D., 1004; Hackensack Trust Co. v. Tracy, 86 N. J. Eq., 301.

Code cited and construed:    Sec. 4249a(T.-S.).

2. **CURTESY. Consummate. Lands of wife. Effect of husband's paying therefor.**

Where the husband pays for lands, directing the grantor to convey them to the wife, he acquires an estate by the curtesy consummate in such lands of his intestate wife, although no agreement between them, nor provision in the deed, dealt with curtesy, since, though the title was the wife's separate estate, an estate by the curtesy connsummate may attach thereto when there is no specific language in the deed cutting off such estate. (*Post, p.* 574.)

Cases cited and approved: Ferguson v. Booth, 128 Tenn., 259; Barnum v. Le Master, 110 Tenn., 638; Travis v. Sitz, 135 Tenn., 156; Bingham v. Weller, 113 Tenn., 70; Frazer v. Hightower, 59 Tenn., 94; Depue v. Miller, 65 W. Va., 120; Vanderweer v. Vanderveer, 1 N. Y. Supp., 897; Rautenbusch v. Donaldson (Ky.), 18 S. W., 538; In re Kaufmann (D. C.), 142 Fed., 898.

3. **CURTESY. Consummate. Liability on mortgage.**

Where husband bought lands, and the deed ran to the wife, and they later joined in a trust deed for money borrowed, the husband, on the wife's death intestate, could not establish tenancy by curtesy consummate, without personally discharging the

Hull v. Hull.

mortgage for protection of their minor children, since, as between husband and wife, the mortgage was his primary obligation.   (*Post, p.* 578.)

·FROM SHELBY.

Appeal from the Chancery Court of Shelby County.—F. H. HEISKELL, Chancellor.

P. H. PHELAN, JR., for appellant.

C. W. ANDERSON, for appellees.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

In this case there is necessarily presented for decision the question:   Did the Married Woman's Emancipation Act (Thompson's Shannon's Code, section 4249a) have the effect of itself to abolish the estate of tenancy by the curtesy consummate?

A reply in the negative was foreshadowed by what was said by the court in the case of *Day* v. *Burgess,* 139 Tenn. 559 202 S. W., 911, the opnion in which has just been handed down; and we now rule the point accordingly.

While a few courts have held that enactments which thus broaden and extend the rights of married women have the effect to abolish curtesy consummate, the large majority hold that there is no destruction of that estate—that it is only subject to defeat by the

act of the wife in making or suffering a disposition of her property in her lifetime. The act does not in express terms abolish the estate consummate, nor does it destroy or undermine its essential attributes. The authorities *pro* and *contra* may be found collected in a comprehensive note to the case of *Bryant* v. *Freeman,* L. R. A., 1915D, 1004, 1009; and see the recent case of *Hackensack Trust Co.* v. *Tracy,* 86 N. J. Eq., 301, 99 Atl., 846.

Another and closer question is raised: Is there an estate of tenancy by the curtesy consummate in lands of an intestate wife, which lands were paid for by the husband who directed a third person as grantor to convey the lands to the wife, in the absence of any agreement between the husband and wife, or provision in the deed of conveyance, touching the right of curtesy.

We answer this question in the affirmative.

It is true that the title in such circumstances vests in the wife to her separate estate, even though no apt words are incorporated in the deed of conveyance to define a separate estate. *Ferguson* v. *Booth,* 128 Tenn., 259, 160 S. W., 67, Ann. Cas., 1915C, 1079, extending the doctrine of *Barnum* v. *Le Master,* 110 Tenn., 638, 75 S. W., 1045, 69 L. R. A., 353.

It is firmly established in this State that an estate of curtesy consummate may attach to lands of the wife held to her separate estate, where there is no language in the deed clearly cutting off the husband's rights beyond the wife's death. *Travis* v. *Sitz,* 135

Tenn., 156, 183, 185 S. W., 1075, L. R. A., 1917A, 671, and cases there cited.

The argument against the husband's curtesy in the pending case, where the deed on its face would create a general estate but for the special circumstances, is based upon the case of *Bingham* v. *Weller,* 113 Tenn., 70, 81 S. W., 843, 69 L. R. A., 370, 106 Am. St. Rep., 803, where it was held that a conveyance directly from the husband to the wife divests him of all interest, present or contingent, in the land, including an estate by the curtesy therein. It is argued that, in this case equally with that, the separate estate arises by necessary implication; the act of the husband being the efficient factor in its creation. The argument overlooks the fact that in *Bingham* v. *Weller,* supra, the husband was the grantor in a deed of conveyance containing a covenant of general warranty. We have a statute which provides that every grant of real estate shall pass the entire estate of the grantor, unless a contrary intent appears from the terms of the instrument. This statute was referred to indirectly in the opinion in *Bingham* v. *Weller,* supra, but the writer did not clearly express the thought that the statute availed to control the decision.

This was explained and no doubt left as to that influence of the statute in the later case of *Mitchell* v. *Bank,* 126 Tenn., 669, 675, 150 S. W., 1141, 1142, in this language:

"Counsel for the complainant presses the case of *Bingham* v. *Weller,* 113 Tenn., 70, 81 S. W. 843, 69

L. R. A., 370, 106 Am. St. Rep., 803, upon the considera-
tion of the court. In that case it was held that a hus-
band, who by deed conveys real estate to his wife, and
thereby creates in her, as to such property, a separate
estate (*Barnum* v. *Le Master,* 110 Tenn., 638, 75 S. W.,
1045, 69 L. R. A., 353), also by the same deed conveys
and cuts off his rights as tenant by the curtesy in such
land.

"Section 3672 of Shannon's Code, to the effect
that every grant or devise of real estate shall pass the
entire estate of the grantor or devisor, unless an in-
tention to pass a less estate appears from the terms
of the instrument, was doubtless considered by the
court in *Bingham* v. *Weller,* and the conclusion
reached that the husband's deed passed his inchoate
right to curtesy. This statute was referred to in
*Barnum* v. *Le Master,* and the decision party rested
thereon. We have no such statute in regard to con-
veyance of personalty. *Bingham* v. *Weller* followed
the case of *Barnum* v. *Le Master* to its limit, and
then proceeded much beyond.

"Inasmuch as we are not dealing here with a con-
veyance of real estate, it is not necessary to discuss
the result reached in *Bingham* v. *Weller,* except to say
we are unwilling to extend the authority of that case
to such a latitude as the complainant here seeks to
press it."

The conveyance in the instant case not being one
by the husband as grantor, the rule of *Bingham* v.
*Weller* does not govern.

Counsel for the heirs at law urge upon us that the case of *Ferguson* v. *Booth,* supra, is authority for a denial of the husband's claim to curtesy. This is a misconception of the opinion in that case which in no way treats of curtesy and which has no sort of bearing on the question here to be determined. The insistence seems to be based upon an expression in that opinion to the effect that where the husband so pays for land conveyed by a third person to the wife, there is no resulting trust in his favor. This means, of course, no resulting trust that could defeat the vesting in the wife of a separate estate. Conceding as we have that a separate estate was vested in the wife, the question reverts: Is the husband barred of an estate of curtesy therein?

We hold that he is not. In *Bingham* v. *Weller,* it was said to be clear that there is nothing in a deed to deprive the husband of his curtesy in the land if that deed was made by a third person; and *Frazer* v. *Hightower,* 12 Heisk. (59 Tenn.), 94, was cited with approval. The question in the case last cited was, whether the husband, after the death of the wife, took an estate of curtesy in lands which the husband had conveyed to a trustee for the benefit of his wife, and the decision was that, as the deed made no settlement of the land after the death of the wife, the husband's rights were abridged only during her life; and, the husband was taken to have intended, when he made the conveyance, that the wife was to hold the estate as every estate of inheritance is held by her—subject

to curtesy consummate where that is not clearly excluded. Cases in accord with *Frazer* v. *Hightower* are collected in *Depue* v. *Miller*, 65 W. Va., 120, 64 S. E., 740, 23 L. R. A. (N. S.), 775.

The right of the husband to curtesy in the circumstances of this case has been sustained in *Vanderweer* v. *Vanderveer*, 1 N. Y. Supp., 897;[1] and seemingly denied in *Rautenbusch* v. *Donaldson* (Ky.), 18 S. W., 538; while in *Re Kaufmann* (D. C.), 142 Fed., 898, it was held that curtesy is not defeated by the fact that the land was conveyed by the husband by general warranty deed to one who afterwards conveyed to the wife. We have found no other cases that rule the point.

We hold that as there is lacking here the clear intention necessary to bar curtesy, the chancellor erred in his ruling against the husband on this issue.

A further assignment of error remains to be considered. The suit being one for the ascertainment of the rights of the husband and father on the one hand, and his defendant minor children on the other, in the real estate, these facts were made to appear: The real estate of the wife was incumbered by a trust deed, jointly executed by complainant and his wife, to secure the sum of $2,500 borrowed by and for the use of the husband and represented by a note signed by him and his wife as comakers. Since the death of Mrs. Hull, complainant has paid a part of that note. The chancellor held that he was liable for the unpaid bal-

---

[1] Reported in full in the New York Supplement, reported as a memorandum decision without opinion in 49 Hun., 608.

Hull v. Hull.

ance, and that he should discharge the trust debt in order to the protection of the heirs. This ruling is complained of and it is contended that, when a wife raises money by a trust deed or mortgage on her separate estate and turns the proceeds over to the husband, in the absence of proof showing that the fund is loaned and not passed as a gift, she and her representatives cannot recover it of the husband. It is argued that the law presumes a gift in that case.

Here, however, the wife merely pledged her separate estate, and the husband was, as between himself and wife, the primary obligor on the secured note, and the note imported a promise on his part to pay as primary obligor, *inter sese.* The funds passed to the husband under that agreement; and we think the chancellor was clearly right when he held against the complainant husband on this question.

The estate by the curtesy consummate, denied to the husband below, but sustained in this court, will be subjected first in order to the payment of such balance, if the husband shall fail to discharge the incumbrance under his obligation *in personam,* represented by the note, so to do.

The transaction was prior to the passage of the Married Woman's Act, above referred to.

Let the decree of the chancellor be modified accordingly; all accrued costs will be paid two-thirds by the complainant and one-third by the defendants, and the cause is remanded for further proceedings consistent with which is herein ruled.